IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| **Plaintiff,** ) | |
| ) | **No. 16 CR 805** |
| v. ) | |
| ) | **Judge Ronald A. Guzmán** |
| **Devin Dawson,** ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion for release on bond pending appeal [64] is denied.

### STATEMENT

On January 29, 2020, after a hearing, the Court found Defendant in violation of certain terms of his supervised release, revoked supervised release, and sentenced Defendant to 24 months' incarceration for the supervised-release violations. (Dkt. ## 49, 52.) Defendant has appealed and now moves for bond pending appeal.

Defendant is currently incarcerated in Cook County Jail after his arrests for state-law violations. The government argues that Defendant's motion for bond pending appeal must be denied because either the Court lacks authority to order Defendant released from state custody or the case is not ripe for review until Defendant is in federal custody. According to defense counsel, Defendant has been granted bond on his state offenses and would be out of jail but for the federal detainer resulting from Defendant's conviction for the instant supervised-release violations.

Assuming for purposes of this motion that the Court has the authority to release Defendant and that the case is ripe for review, Defendant cannot establish that he is entitled to release. A defendant who has been sentenced to prison "shall" be detained pending appeal, unless he can show that the appeal raises a substantial question of law or fact likely to result in: (i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B). In addition, a defendant must show, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c). 18 U.S.C. § 3143(b)(1)(A).

The government contends that Dawson is a danger to others and cannot show that he is not likely to flee. The Court agrees. As the Court stated at Defendant's supervised-release revocation hearing:

> [I]t's clear I find that the defendant has . . . shown a lack of respect for the conditions of supervised release. He has violated them in various ways and shows a clear lack of respect for court orders in general when he violates an electronic[-]monitoring order [and] is found driving around the middle of the night with a hijacked electronic surveillance gadget attached to a battery.

The Court went on to note as follows:

> The problem is that the main violation here [unlawful use of a weapon], the one as to which we heard evidence, is so egregious. In a city where innocent people are shot every day, where you turn on the news or pick up the newspaper and you find another horrible weekend where so many dead and so many injured, for this defendant to be in possession of a killing machine like a 9mm semiautomatic Glock with an extended cartridge is beyond the realm. It's just beyond anything that I can understand. And to do so while he's on the Court's supervision is not only an affront to the Court, but it's a danger to the community. It shows that he lacks any real interest in rehabilitation. I just find that that is too dangerous of conduct for the Court to do anything but impose a significant custodial sentence, and I find that the guidelines in this case do not accurately reflect the seriousness of this offense. I just can't envision -- short of actually shooting someone, I can't envision what your client is doing driving around in a car with a loaded 9mm semiautomatic gun with an extended clip except to do something really violent.

In light of these statements, Defendant's assertion that the government has not demonstrated that Defendant is a danger to the safety of others or a flight risk are unpersuasive. Indeed, the burden is on Defendant to show by clear and convincing evidence that he is neither of these things, and he has not satisfied this burden.

In any event, Defendant cannot show that that the appeal raises a substantial question of law or fact likely to result in: (i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B). He does not seek the first three forms of relief on appeal, and as to the last, he admits that he cannot meet that requirement. (Def.'s Emergency Mot. Bond, Dkt. # 64, at 8.)

Defendant contends that he need not satisfy § 3143(b)(1)(B) because exceptional reasons, namely, that he suffers from asthma amidst the Covid-19 outbreak, call for his release. Under 18 U.S.C. § 3145(c):

> [a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be

ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

As just discussed, however, Defendant, who is subject to detention pursuant to §3143(b)(2), does not meet the requirements for release under § 3143(b)(1). Even if he did, the Court finds exceptional reasons for release from detention do not exist here. While Defendant is asthmatic, the medical note he has provided states that he is "asthmatic and requires the use of an albuterol inhaler in the event of an asthma attack or an allergic reaction." The note does not indicate that Defendant's asthma is severe or that it cannot be managed. Further, Defendant does not state that he is currently ill or that Cook County Jail (or any potential federal correctional institution in which he might be housed) is unable to address his concerns. If Defendant were transferred into federal custody, the Bureau of Prisons has enacted modified operations in order to quell the spread of Covid-19, including quarantining incoming prisoners, suspending social visits and internal inmate movements, enhancing health screenings, implementing modified operations to maximize social distancing, and suspending staff travel and training. *See* https://www.BOP.gov/coronavirus/covid19_status.jsp (last visited June 8, 2020).

For all of these reasons, Defendant's motion for bond pending appeal is denied.

**Date**: June 9, 2020

_____
**Ronald A. Guzmàn**
**United States District Judge**